THE WESTERN ELECTRIC COMPANY, INC.

*v.*

STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

CONTRACT—*when State liable for freight charges.* Claimant entered into a contract with the State, through the Department of Public Works, to furnish certain cedar poles of specified length, etc., at a certain price. The poles were delivered prepaid by claimant as per terms of contract. The shipment was refused by the proper authorities and claimant was required to take back the shipment and pay the freight charges on same. *Held,* claimant entitled to recover from the State the freight charges paid.

Edward J. Brundage, Attorney General, for State.

The petition of the Western Electric Company, a corporation, filed in this Court, sets forth the following:

That on or about, to-wit, the 10th day of February, 1921, the State of Illinois, through the Department of Public Works and Buildings, by Fred J. Postel, Supervising Engineer of the Division of Engineering, entered into a contract with the said plaintiff, whereby the said Department of Public Works and Buildings agreed to purchase from the said plaintiff, and the said plaintiff agreed to sell to the said department seven cedar poles of standard grade and quality, each being thirty-five feet long and having a minimum diameter of six inches at the top, for an agreed price for said poles for the sum of two hundred thirty-five dollars and fifty-five cents ($235.55), said poles to be shipped to Menard, Illinois, for the use of the Southern Illinois Penitentiary, freight to be prepaid on same by the plantiff, etc.

The petition set forth that said poles were shipped as per contract; that said shipment was refused by the defendant and that the plantiff was required to take back said shipment and to pay the freight charge on same to and from Menard, Illinois, which said freight charges amounted to the sum of one hundred seventy dollars and fifty-seven cents ($170.57).

The Attorney General, Edward J. Brundage, waives proof of the above claim and says that the defendant has no defense to the same and consents that an award be made by this Court in the sum of $170.57.

It is therefore considered by the Court that the claim be allowed for the said sum of one hundred seventy dollars and fifty-seven cents ($170.57).